■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GARRETT Moss, Appellant.— Appeal from an order of the Supreme Court at Special

Term, entered in Schuyler County, which denied defendant's application in the nature of a writ of error *coram nobis* addressed to his conviction as a second felony offender. The record shows that defendant was, upon arraignment, properly advised of his right to counsel and that, as his petition here admits, he thereupon waived counsel and pleaded guilty. In this situation, the question whether or not, at the time of sentence three days later, he was again advised of this right is not material. (*People* v. *Begue*, 1 A D 2d 289.) The petition alleges and, 16 years after the event, defendant testified that when he appeared for sentence and a second offender information was filed against him he was not advised of his right to be tried as to the truth thereof (Penal Law, § 1943). The Special Term was warranted in rejecting defendant's testimony and crediting the statement that "Defendant was duly advised of his rights by the Court" which appeared on the judgment subscribed by the Justice presiding and by the clerk. As the determination of this question is affirmed on the merits we do not pass on the propriety of the remedy invoked. Defendant urges in his brief on this appeal an additional issue not alleged in his petition, i.e., the alleged failure to ask defendant, on the day he was sentenced, whether he had any legal cause to show why judgment should not be pronounced. (Code Crim. Pro., § 480; *People ex rel. Miller* v. *Martin*, 1 N Y 2d 406.) The judgment unequivocally recites compliance with section 480 but such claim may not, in any event, be raised by *coram nobis*. (*People* v. *Sullivan*, 3 N Y 2d 196.) Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.